R. Kyle Busse, OSB #070994
*kbusse@busseandhunt.com*
BUSSE & HUNT
521 American Bank Building
621 SW Morrison Street
Portland, OR 97205
Telephone: (503) 248-0504
Facsimile: (503) 248-2131

FILED 23 NOV '11 9:33 USDC-ORP

Of Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| JESSE ALVAREZ, STEVEN AZORR, PATRICK DAWSON, THOMAS LOVEJOY, MARC MILLION, BRUCE SCHULTZ, and WHITE, on behalf of themselves and others,<br><br>Plaintiffs,<br><br>v.<br><br>LEGACY HEALTH, an Oregon non-profit corporation,<br><br>Defendant. | Case No. **CV '11 - 1419 - ST**<br><br>CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>(Wage and Hour Law Violations) |

Plaintiffs allege:

## I.

### JURISDICTION AND VENUE

1.  Plaintiffs, JESSE ALVAREZ, STEVEN AZORR, PATRICK DAWSON,

BUSSE & HUNT
621 SW Morrison St., Suite 521
Portland, OR 97205
Telephone: (503) 248-0504

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
Page 1

A44034

THOMAS LOVEJOY, MARC MILLION, BRUCE SCHULTZ, and WHITE, current and former employees of Defendant, bring this action on behalf of themselves and other employees and former employees of Defendant similarly situated, to recover from Defendant unpaid wages under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (hereafter, the "Act"). Plaintiffs bring state claims for nonpayment wages pursuant to ORS chapters 652 and 653, and Wash. Rev. Code (hereafter, "RCW") chapters 49.46 and 49.48.

2. Jurisdiction of the action is conferred on this court by Section 16(b) of the Act (29 U.S.C. § 216(b)), and by the provisions of 28 U.S.C. §§ 1331, 1332 and 1337, and over the state claims pursuant to its supplemental jurisdiction. 28 U.S.C. § 1367.

## II.

## THE PARTIES

3. Plaintiffs are residents and citizens of the states of Oregon and Washington who are currently employed or were previously employed as security officers by Defendant at each of Defendant's six health services locations in Oregon and Washington. Plaintiffs bring suit on behalf of themselves and a proposed class of all current or former security officers employed by Defendant at any time between November 23, 2005 through November 23, 2011 (hereafter, the "class period").

4. Defendant is an Oregon non-profit corporation, having its principal office and place of business located in Portland, Oregon, within the territorial jurisdiction of this court, and, at the times mentioned, employed Plaintiffs and others similarly situated. At all material times Defendant acted through agents and employees who at all material times acted within the course

BUSSE & HUNT
621 SW Morrison St., Suite 521
Portland, OR 97205
Telephone: (503) 248-0504

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
Page 2

and scope of their agency and employment for Defendant.

## III.

## COMMON ALLEGATIONS

5. Plaintiffs and others similarly situated are currently or were previously employed as security officers to provide security services at Defendant's health care facilities in Oregon and Washington.

6. Throughout the class period, security officers were scheduled to work eight and one-half (8.5) hour shifts with a half-hour lunch break that was automatically deducted from their time. During said lunch breaks, security officers were considered "on duty," were required to remain on the grounds of their respective facilities, were required to monitor their portable radios, were required to respond to any call received during a break, and were expected to respond without being dispatched whenever a situation warranted it. As a result, Defendant failed to provide Plaintiffs and other security officers with "bona fide" meal periods continuously throughout the class period.

7. As part of their duties, security officers are required to wear uniforms and to carry safety equipment on utility belts, which items are provided by Defendant. Security officers are required to be wearing their uniforms and safety equipment at the commencement and conclusion of each scheduled shift.

8. Before security officers are ready to begin their duties for Defendant, they need to perform the task of donning their security officer uniforms and safety equipment. Security officers are instructed that these tasks must be completed before clocking in to begin their shifts.

BUSSE & HUNT
621 SW Morrison St., Suite 521
Portland, OR 97205
Telephone: (503) 248-0504

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
Page 3

9. At the conclusion of each shift, security officers are required to perform the task of doffing their security uniforms and safety equipment. Security officers are instructed that these tasks must be completed after clocking out to end their shifts.

10. The donning and doffing of security officers' security uniforms and safety equipment are principal activities of security officers that are integral and indispensable to the security officers' ability to provide security services to Defendant.

11. Continuously throughout the class period, Defendant by policy and practice encouraged, suffered, permitted and/or authorized security officers to perform work tasks before their recorded working time began and after the conclusion of their recorded shifts, as referenced above herein in paragraphs 7 through 10.

12. Continuously throughout the class period, Defendant by policy and practice encouraged, suffered, permitted and/or authorized security officers to perform duties during unpaid meal periods, as referenced above herein in paragraph 6.

13. As a result of Defendant's above described policies and practices, Defendant failed to pay Plaintiffs and other security officers for substantial amounts of work time they spent performing the regular, recurring daily work tasks referenced in paragraphs 6 through 10 above during the class period.

14. Defendant's above described policies and practices were applied to all security officers who worked at each of Defendant's six health services facilities during the class period. As a result, class treatment of the claims raised herein is appropriate. This case raises common issues of law and fact as to the class members, including, without limitation:

**BUSSE & HUNT**
621 SW Morrison St., Suite 521
Portland, OR 97205
Telephone: (503) 248-0504

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
Page 4

      a.    Whether Defendant failed to accurately record the time worked by class members;

      b.    Whether Defendant provided members of the class with "bona fide" meal periods pursuant to state and federal law;

      c.    Whether Defendant encouraged, suffered, permitted and/or authorized members of the class to perform work "off-the-clock," *i.e.* during work time that it failed to accurately record as such;

      d.    Whether, as a result of its failure to accurately record class members' "off-the-clock" work time, Defendant failed to pay class members for all time worked during the class period;

      e.    Whether Defendant's failure to pay all wages earned was willful;

      f.    Whether Defendant is liable to the members of the class for penalty wages pursuant to the above referenced statutes;

      g.    Whether Defendant is liable to the members of the class for liquidated damages.

15.    The proposed class consists of more than fifty (50) and possibly more than one hundred (100) current and former employees of Defendant, and, as a result, joinder of all members is impracticable.

16.    The claims of the representative parties are typical of the claims of the class. The representative parties will fully and adequately litigate the claims of the class. A class action is a superior method of adjudicating the claims in this case because there are numerous common

BUSSE & HUNT
621 SW Morrison St., Suite 521
Portland, OR 97205
Telephone: (503) 248-0504

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
Page 5

questions of fact and individual adjudication would be inefficient and present a risk of imposing varying standards of conduct on the parties.

17. Pursuant to ORCP 32H of the Oregon Rules of Civil Procedure and ORS chapter 652, and more than thirty days prior to the commencement of this action, Plaintiffs' counsel, through service upon its registered agent, certified mail, return receipt requested, provided Defendant with notice of the claims alleged herein. Despite such notice, the alleged wrongs were not corrected.

## FIRST CLAIM FOR RELIEF

(Unpaid Wages - ORS chapter 652)

18. Plaintiffs reallege paragraphs 1 through 17.

19. Defendant agreed to pay Plaintiffs, and others similarly situated who are or were working in Oregon, wages set at hourly rates for all hours worked, and was required to pay them all wages due and owing them on their regularly scheduled pay dates.

20. As a result of its above described policies and practices, Defendant failed to pay Plaintiffs and others similarly situated all wages due them during the class period, in violation of ORS 652.120.

21. As a result of Defendant's conduct, Plaintiffs and others similarly situated are entitled to recover their unpaid wages in a sum to be proven at trial.

22. Pursuant to ORS 652.200 and ORS 653.055, Plaintiffs and others similarly situated are entitled to an award of reasonable attorney fees, expert witness fees, costs and disbursements.

BUSSE & HUNT
621 SW Morrison St., Suite 521
Portland, OR 97205
Telephone: (503) 248-0504

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
Page 6

## SECOND CLAIM FOR RELIEF

(Unpaid Wages - RCW chapter 49.46 )

23. Plaintiffs reallege paragraphs 1 through 19 and 21.

24. As a result of the above described policies of practices, Defendant failed to pay Plaintiff and other similarly situated who are or were working in Washington all wages to which they were entitled during the claim period, in violation of RCW 49.46.090.

25. Pursuant to RCW 49.46.090 and RCW 49.48.030, Plaintiffs and others similarly situated are entitled to an award of reasonable attorneys fees, expert witness fees, costs and disbursements.

## THIRD CLAIM FOR RELIEF

(Unpaid Overtime Wages - ORS chapters 652 and 653)

26. Plaintiffs reallege paragraphs 1 through 22.

27. Throughout the class period, as a result of its above described policies and practices, Defendant failed to pay Plaintiffs and others similarly situated at a rate equal to one and one-half times their regular rate for all work performed in excess of forty (40) hours, in violation of ORS 652.120 and ORS 653.261.

28. As a result of Defendant's conduct, Plaintiffs and others similarly situated are entitled to recover their unpaid overtime wages in a sum to be proven at trial.

## FOURTH CLAIM FOR RELIEF

(Unpaid Overtime Wages - RCW chapter 49.46 )

29. Plaintiffs reallege paragraphs 1 through 19, 21 and 23 through 25.

BUSSE & HUNT
621 SW Morrison St., Suite 521
Portland, OR 97205
Telephone: (503) 248-0504

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
Page 7

30. Throughout the class period, as a result of its above described policies and practices, Defendant failed to pay Plaintiffs and others similarly situated at a rate equal to one and one-half times their regular rate for all work performed in excess of forty (40) hours, in violation of RCW 49.46.130.

### FIFTH CLAIM FOR RELIEF

(Wage Penalty Claim - ORS chapter 653)

31. Plaintiffs reallege paragraphs 1 through 22, 27 and 28.

32. Defendant's failure to pay Plaintiffs and others similarly situated the wages to which they are entitled under Oregon law entitles Plaintiffs and others similarly situated who were working in Oregon to payment of penalty wages in a sum to be proven at trial, pursuant to ORS 653.055.

### SIXTH CLAIM FOR RELIEF

(Wage Penalty Claim - ORS chapter 652)

33. Plaintiffs reallege paragraphs 1 through 22, 27, 28 and 32.

34. Plaintiff Dawson and numerous members of the proposed class are no longer employed by Defendant.

35. Defendant willfully failed to pay former security officers all wages due at the time their employment ceased or since that time, in violation of Oregon law.

36. As a result of Defendant's conduct, former security officer class members are entitled to penalty wages in a sum to be proven at trial, pursuant to ORS 652.150.

////

BUSSE & HUNT
621 SW Morrison St., Suite 521
Portland, OR 97205
Telephone: (503) 248-0504

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
Page 8

## SEVENTH CLAIM FOR RELIEF

(Unpaid Wages - 29 U.S.C. § 201 *et seq.*)

37.   Plaintiffs reallege paragraphs 1 through 36.

38.   Continuously throughout the class period, Defendant failed to pay all earned wages due and owing to Plaintiffs and others similarly situated.

39.   As a result of Defendant's conduct, Plaintiffs and others similarly situated are entitled to recover their unpaid wages in a sum to be proven at trial, together with an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216.

40.   Pursuant to 29 U.S.C. § 216, Plaintiffs and others similarly situated are entitled to an award of reasonable attorney fees, expert witness fees, costs and disbursements.

## EIGHTH CLAIM FOR RELIEF

(Unpaid Overtime Wages - 29 U.S.C. § 201 *et seq.*)

41.   Plaintiffs reallege paragraphs 1 through 40.

42.   Throughout the class period, as a result of its above described policies and practices, Defendant failed to pay Plaintiffs and others similarly situated at a rate equal to one and one-half times their regular rate for all work performed in excess of forty (40) hours.

43.   As a result of Defendant's conduct, Plaintiffs and others similarly situated are entitled to recover their unpaid overtime wages in a sum to be proven at trial, together with an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216.

////

////

BUSSE & HUNT
621 SW Morrison St., Suite 521
Portland, OR 97205
Telephone: (503) 248-0504

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
Page 9

## III.

## DEMAND FOR JURY TRIAL

44.     Plaintiffs demand a jury trial.

WHEREFORE, Plaintiffs pray for judgment against Defendant, as follows:

    a)    In the amounts respectively due Plaintiffs and other employees and former employees of Defendant similarly situated for wages, overtime compensation, and liquidated damages, in an amount to be proven at trial;

    b)    For the costs of this action;

    c)    For reasonable attorney fees for the prosecution of this action; and

    d)    For such other and further equitable relief as the court deems just and proper.

DATED this 22nd day of November, 2011.

                              BUSSE & HUNT

                              _____
                              R. KYLE BUSSE, OSB #070994
                              *kbusse@busseandhunt.com*
                              621 SW Morrison Street, Suite 521
                              Portland, OR 97205
                              Telephone: (503) 248-0504
                              Of Attorneys for Plaintiffs

P:\WPDOCS\WHITE\COMPLAINT.wpd

**BUSSE & HUNT**
621 SW Morrison St., Suite 521
Portland, OR 97205
Telephone: (503) 248-0504

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
Page 10