**CAROL J. BERNICK, OSB #894098**
carolbernick@dwt.com
**SARAH M. VILLANUEVA, OSB #093412**
sarahvillanueva@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

      Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## AT PORTLAND

| | |
|---|---|
| **JESSE ALVAREZ, STEVEN AZORR, PATRICK DAWSON, THOMAS LOVEJOY, MARC MILLION, BRUCE SCHULTZ and WHITE,** on behalf of themselves and others,<br><br>          **Plaintiffs**,<br><br>   v.<br><br>**LEGACY HEALTH,** an Oregon non-profit corporation,<br><br>          **Defendant**. | Case No. 3:11-1419-ST<br><br>**JOINT STIPULATION OF SETTLEMENT OF CLASS ACTION** |

     IT IS HEREBY STIPULATED AND AGREED, by and among Defendant LEGACY

HEALTH inclusive ("Legacy" or "Defendant"), on the one hand, and Plaintiffs JESSE

ALVAREZ, STEVEN AZORR, PATRICK DAWSON, THOMAS LOVEJOY, MARC MILLON,

BRUCE SCHULTZ, WHITE, the Class (as defined below), and Class Counsel (as defined below),

Page 1 – JOINT STIPULATION OF SETTLEMENT OF CLASS ACTION

on the other hand, subject to the approval of the Court pursuant to Fed.R.Civ.Pro. 23(e), that the settlement of this action shall be effectuated upon and subject to the following terms and conditions:

## A.    DEFINITIONS

As used in this Stipulation of Settlement ("Stipulation"), the following terms shall have the meanings specified below.  To the extent terms or phrases used in this Stipulation are not specifically defined below, but are defined elsewhere in the Stipulation, they are incorporated by reference into this definition section.

"Action" shall mean United States District Court Case No. 3:11-1419-ST.

"Agreement," "Stipulation," "Stipulation of Settlement," "Settlement Agreement," or "Stipulation and Agreement" shall mean this Joint Stipulation of Settlement of Class Action, including any attached Exhibits.

"Claim Form" shall mean a document completed and submitted by a Class Member in the form of the Claim Form and Release attached to the Class Notice (substantially in the form attached hereto as Exhibit 3), by which such Class Member seeks a distribution from the Settlement Fund.

"Claims" means all causes of action which were or could have been asserted in this action that are subject to the Release defined below.

"Class Counsel" shall mean, collectively, Kyle Busse and Busse & Hunt.

"Class Member" or "Settlement Class Member" shall mean any person who is a member of the Settlement Class or, if such person is incompetent or deceased, the person's legal guardian, executor, heir or successor in interest.

"Class" or "Settlement Class" shall mean all current or former employees of Legacy whose job title was Safety Officer or Lead Safety Officer at any time from November 23, 2005 through November 23, 2011.

Page 2 – JOINT STIPULATION OF SETTLEMENT OF CLASS ACTION

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2400
Portland, Oregon  97201 · (503) 241-2300

"Class Notice" shall mean the Notice of Pendency and Proposed Settlement of Class Action and Hearing on Final Approval of Settlement, as set forth in the form of Exhibit 2 attached hereto, or as otherwise approved by the Court, which is to be mailed to Class Members.

"Class Period" shall mean November 23, 2005 through November 23, 2011.

"Class Representatives" shall mean Jesse Alvarez, Steven Azorr, Patrick Dawson, Thomas Lovejoy, Marc Million, Bruce Schultz and White.

"Class Settlement" or "Settlement" shall mean the settlement embodied in this Stipulation, which is subject to Court approval.

"Complaint" shall mean the Complaint filed by the Class Representatives on November 23, 2011 in the United States District Court, Case No. 3:11-1419-ST.

"Court" shall mean the United States District Court for District of Oregon.

"Defense Counsel" or "Counsel for Defendant" shall mean Carol J. Bernick and Davis Wright Tremaine LLP.

"Effective Date" shall mean the Final Approval Date, or in the event there are objections to the Settlement, the date following the expiration of the time to file appeals of the Final Approval Order if no appeals are filed, or if there are any appeals of the Final Approval Order filed, the date following resolution of any such appeals.

"Employer Paid Taxes" shall mean the payments made by Legacy to any local, state or federal taxing authority as a consequence of that portion of the Settlement Amount allocated as wages.  Employer Paid Taxes shall be paid out of each Class Members' Individual Settlement Amount.

"Enhancement Award" shall mean any additional monetary payment, in excess of the Individual Settlement Amount, awarded by the Court to the Class Representatives for their efforts on behalf of the Class in this Action and in exchange for execution of the Full Release of Claims contained herein.

Page 3 – JOINT STIPULATION OF SETTLEMENT OF CLASS ACTION

"Fees and Expense Award" means the amount authorized by the Court to be paid to Class Counsel for the services they have rendered and will render, and expenses they have incurred and will incur, in prosecuting the Action.  Class Counsel shall request, and Defendant will not oppose, an award of up to $71,462.25 for attorneys' fees (24% of the Gross Settlement Amount) and up to $4,637.75 for costs and expenses.  The Fees and Expense Award shall be paid from the Gross Settlement Amount.  Legacy will issue Class Counsel an IRS Form 1099 for the Fees and Expense Award.

"Final Approval Date" shall mean the date upon which the Court enters an Order approving the Class Settlement, after having determined that the Class Settlement is fair, adequate, and reasonable to the Class as a whole, following (i) notice to the Class; (ii) an opportunity to submit timely objections to the settlement; and (iii) a hearing on the fairness of the terms of the settlement.

"Final Approval Hearing" shall mean the final hearing held to ascertain the fairness, reasonableness, and adequacy of the Class Settlement, at which time the Court will enter its Order approving the Class Settlement.

"Final Date for Completion of Claim Forms" shall mean the date that is thirty (30) days after the date that the Class Notice is sent to the Settlement Class.

"Full Release of Claims" shall mean the Released Claims and all other employment related claims that any Named Plaintiff may have.  The Full Release applies only to Named Plaintiffs.

"Gross Settlement Amount" means no more than Three Hundred Thousand One Hundred Dollars ($300,100.00).

"Hearing on Preliminary Approval" shall mean the hearing held on the motion for preliminary approval of the Class Settlement.

"Individual Settlement Amount" shall mean the amount to be, and which is, distributed to each Class Member who files a valid and timely Claim Form.

Page 4 – JOINT STIPULATION OF SETTLEMENT OF CLASS ACTION

DWT 21625433v1 0759078-000182                    DAVIS WRIGHT TREMAINE LLP
                                                  1300 S.W. Fifth Avenue · Suite 2400
                                                  Portland, Oregon  97201 · (503) 241-2300

"Legacy" shall mean Legacy Health and its present and former parent companies, subsidiaries, affiliates, successors, predecessors, related entities, and joint ventures, and each of their respective present and former officers, directors, agents, employees, insurers, co-insurers, re-insurers, attorneys, accountants, auditors, advisors, representatives, consultants, pension and welfare benefit plans, plan fiduciaries, administrators, trustees, general and limited partners, predecessors, successors and assigns.

"Named Plaintiffs" shall mean Jesse Alvarez, Steven Azorr, Patrick Dawson, Thomas Lovejoy, Marc Million, Bruce Schultz and White.

"Net Settlement Amount" means the Gross Settlement Amount less court-approved Class Counsel Attorneys' Fees and Expense Award and Class Representatives Enhancement Awards, and shall be the maximum amount to be distributed to Class Members.

"Opt-Out(s)" shall mean any and all persons who timely and validly request exclusion from the Class in accordance with the terms of the Class Notice.

"Opt-Out Request" shall mean a timely and valid request for exclusion from the Class in accordance with the terms of the Class Notice.

"Parties" shall mean all class members and Legacy.

"Preliminary Approval Date" means the date upon which the Court enters an Order preliminarily approving this Stipulation, pending notice, an opportunity to submit objections, and a fairness hearing thereon.

"Released Claims" The Class Members (other than those who timely file exclusion forms) will release and discharge Legacy, and all of its former and present parents, subsidiaries, and affiliates, and their officers, directors, employees, partners, shareholders and agents, and any other successors, assigns, or legal representatives ("Class Members' Released Parties"), from any and all wage and hour related claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, arising during the Class Period ("Class Members' Released Period").  The claims released by the Class Members include, any and all wage claims,

Page 5 – JOINT STIPULATION OF SETTLEMENT OF CLASS ACTION

rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, arising during the period from November 23, 2005 to the date on which the court gives preliminary approval of the Settlement ("Class Members' Released Period"). The claims released by the Class Members include, but are not limited to, statutory, constitutional, contractual or common law claims for wages, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, including the following categories of allegations: (a) all claims for failure to pay wages; (b) all claims for failure to timely pay wages due at termination; (c) all claims for failure to timely pay wages; (d) all claims for failure to provide meal and rest periods or compensation in lieu thereof; and (e) claims for failure to pay for donning or doffing uniform. (The Class Members' Released Claims include without limitation claims meeting the above definition(s) under any and all applicable statutes, including; without limitation Oregon Revised Statutes ("ORS") 652.010 et. seq.; 653.010 et. seq. 29 U.S.C. 201 et. seq.; RCW 49.010 et. seq.; and any other provision of Oregon, Washington or federal law governing wages or penalties, (other than claims for work place injury covered by Oregon or Washington Workers' Compensation statutes).

The release of claims in any of the categories enumerated in the paragraph above will include wage claims which Class Members do not know or suspect may exist in their favor against Defendant as of the date of preliminary approval of this Settlement by the Court.

"Released Parties" shall mean Defendant and its present and former parent companies, subsidiaries, successors, predecessors, affiliates, related entities, and joint ventures, and each of their respective present and former officers, directors, agents, employees, insurers, co-insurers, reinsurers, attorneys, accountants, auditors, advisors, representatives, consultants, pension and welfare benefit plans, plan fiduciaries, administrators, trustees, general and limited partners, predecessors, successors and assigns.

"Safety Officer Scheduling Policy" shall mean Legacy Policy No. SEC-200, dated March, 2013 (attached hereto as Exhibit 5).

Page 6 – JOINT STIPULATION OF SETTLEMENT OF CLASS ACTION

"Settlement Class Positions" shall mean Safety Officers and Lead Safety Officers during the Class Period.

"Settlement Fund" shall mean the Three Hundred Thousand One Hundred Dollars ($300,100.00) more fully described in Section E (Settlement Terms) below, from which Class Members' claims, attorneys' fees, attorneys' costs, Employer Paid Taxes, and Enhancement Awards will be paid.

"Settling Parties" shall mean the Class Representatives, the Settlement Class and Defendant.

"Weeks Worked" shall mean the number of weeks during the Class Period that a Class Member was employed by Defendant in a settlement class position.

### B.    BACKGROUND OF ACTION

On November 23, 2011, Plaintiffs filed the Complaint in the United District Court for the District of Oregon, entitled *JESSE ALVAREZ, STEVEN AZORR, PATRICK DAWSON, THOMAS LOVEJOY, MARC MILLION, BRUCE SCHULTZ and WHITE, on behalf of themselves and others v. LEGACY HEALTH, an Oregon non-profit Corporation*, Case No. 3:11-1419-ST.  Plaintiffs' first cause of action alleges that Legacy failed to pay all wages due and owing under Oregon law. The second cause of action alleges that Legacy failed to pay all wages due and owing under Washington law. The third cause of action alleges that Legacy failed to pay all overtime wages due and owing under Oregon law.  The fourth cause of action alleges that Legacy failed to pay all overtime wages due and owning under Washington law.  The fifth cause of action is for wage penalties under Oregon law.  The sixth cause of action is for penalty wages under Oregon law for failure to pay all wages due and owing upon termination of employment.  The seventh cause of action is for unpaid wages under federal law.  The eighth cause of action is for unpaid overtime wages under federal law.

Defendant Legacy filed an Answer to Plaintiffs' First Amended Complaint on December 27, 2011, through its counsel of record, denying the allegations in the Complaint in their entirety.

Page 7 – JOINT STIPULATION OF SETTLEMENT OF CLASS ACTION

On March 21, 2012, the Court entered an order granting plaintiffs' Motion for Conditional Certification of their seventh and eighth claims for relief.

Thereafter, the parties entered into a period of formal and informal discovery during which they also commenced informal negotiations in an attempt to promptly and efficiently resolve the dispute between them.

On August 29, 2012, the parties engaged in mediation with experienced mediator David Markowitz and thereafter came to an agreement to settle the claims for a class comprised of approximately 142 members.

### C.   PRE-TRIAL PROCEEDINGS AND NEGOTIATIONS

#### 1.   Discovery, Investigation and Research

Class Counsel have conducted extensive discovery and investigation during the prosecution of the Action.  The discovery and investigation has included, among other things: (a) inspection and analysis of documents produced by Defendant, including logs, job descriptions, pay records, emails, policies and time and attendance reports; (b) interviews with putative class members; (c) depositions of certain Named Plaintiffs and their current supervisor; (d) analysis of the legal positions taken by Defendant; (e) analysis of potential class-wide damages; (f) research of the applicable law with respect to the claims asserted in the Complaint and the potential defenses thereto; and (g) meeting and corresponding with the Commission of the Oregon Bureau of Labor and Industries ("BOLI") and members of his staff.

The Parties have engaged in sufficient discovery and investigation to assess the relative merits of the claims of the Class Representatives and Potential Class and of Defendant's affirmative defenses.

#### 2.   Allegations of the Class Representatives and Benefits of Settlement

Having thoroughly reviewed and examined the records produced during discovery, the testimony during depositions and information shared informally, the Parties have attained a detailed understanding of the facts involved in this case.  As such, both Parties are equipped with

Page 8 – JOINT STIPULATION OF SETTLEMENT OF CLASS ACTION

sufficient factual bases to accurately assess the relative merits of their positions and to evaluate the value of the claims of the Class. This understanding was, at all times, the foundation to the good-faith, arm's-length negotiations that have occurred. The parties exchanged letters and substantial information regarding their respective positions and arguments and engaged a private mediator to assist. Accordingly, the Parties believe that the terms of the Settlement Agreement reflect a fair and equitable compromise between them.

The Class Representatives and Class Counsel believe that the causes of action, allegations and contentions asserted in the Action have merit. However, the Class Representatives and Class Counsel recognize and acknowledge the expense and delay of the lengthy proceedings necessary to prosecute the Action against Defendant through trial and appeals. Furthermore, Class Counsel have taken into account the risks inherent in any litigation, and the additional risk of continued litigation in complex actions such as this. Moreover, Class Counsel has also considered the potential difficulty in maintaining the Action as a Class Action given the arguably different circumstances of each Class Member's Claims. Class Counsel is also mindful of the inherent challenges of proof under, and possible defenses to, the claims alleged in the Action. Finally, Class Counsel considered the Safety Officer Scheduling Policy Legacy agreed to adopt as part of this settlement, a remedy that could not have been imposed by the Court.

In light of the preceding potential risks, Class Counsel believes that the Settlement set forth in this Stipulation confers substantial benefits upon the Class Representatives and each of the members of the Class, and that an independent review of this Stipulation of Settlement by the Court in the approval process will confirm this conclusion. Based on their own independent investigation and evaluation, Class Counsel has determined that resolution of this Action on the settlement terms embodied in this Stipulation is in the best interest of the Class Representatives and the members of the Settlement Class.

3.    **Defendant's Denials of Wrongdoing and Liability**

Defendant has denied and continues to deny each and all of the claims and contentions

DWT 21625433v1 0759078-000182          DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2400
Portland, Oregon  97201 · (503) 241-2300

alleged by the Class Representatives in the Action.  Defendant has expressly denied and continues to deny all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  Nonetheless, Defendant has concluded that further litigating the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.

Defendant has also taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as the Action.  Defendant has, therefore, determined that it is desirable and beneficial to it that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.

### 4.    Intent of the Settlement

The Class Settlement set forth herein intends to achieve the following:  (1) entry of an Order approving the Class Settlement and granting the monetary relief set forth in this Stipulation of Settlement to the Class Members; (2) entry of judgment and dismissal with prejudice of the Action; and (3) discharge of Released Parties from liability for any and all of the Released Claims.

### D.    PROCEDURAL ISSUES

### 1.    Preliminary Approval

The Parties will jointly submit this Stipulation to the Court and move for its preliminary approval.  Each party shall cooperate to present this Settlement to the Court for preliminary approval in a timely fashion.

The Court's preliminary approval of this Settlement shall be embodied in an Order substantially in the form attached hereto as Exhibit 1.

### 2.    The Administration of the Settlement

Legacy shall serve as Settlement Administrator.

The Settlement Administrator shall: (1) send the Class Notice to each Class Member; (2) receive and process Claim Forms from each Class Member; (3) administer the Settlement Fund;

Page 10 – JOINT STIPULATION OF SETTLEMENT OF CLASS ACTION

(4) calculate claims against the Settlement Fund; (5) handle inquiries from Class Members concerning the Class Notice and determination of Individual Settlement Amounts, or any other issue; (6) resolve any differences between Defendant's payroll records and information provided by a Class Member; (7) distribute payments to Class Members who file a valid and timely Claim Form; (8) distribute the Enhancement Award; and (9) distribute the Fees and Expense Award.

On a periodic basis, the Settlement Administrator will provide reports, by email, to Class and Defense Counsel updating them as to the number of timely received Claim Forms, Opt-Out Forms as well as any disputes or objections submitted by Eligible Settlement Class Members. The Settlement Administrator will provide Class and Defense Counsel, date-stamped copies of the original Opt-Out Forms, challenges, objection statements, Rescissions of Opt-Outs and withdrawal of objection statements no later than five (5) days after their receipt. The Settlement Administrator will provide Class Counsel with a declaration of due diligence and proof of mailing of the Notice of Class Action Settlement and Claim Form, which Class Counsel will file with the Court no later than five (5) business days prior to the Court's Final Approval Hearing. No later than three (3) business days prior to the Final Approval Hearing, the Settlement Administrator will compile and deliver to Defense and Class Counsel a final report with information regarding (a) the number of Eligible Settlement Class Members who timely returned completed Claim Forms; and (b) the final number of Opt-Outs.

      3.    **Notice to Class Members**

Notice shall be provided to Class Members in the following manner:

Within seven (7) days after entry by the Court of its Order of Preliminary Approval, Defendant shall provide the Settlement Administrator and Class Counsel with a list containing the names, employee identification numbers and settlement amounts for each Class Member. Within ten (10) calendar days after receiving the above information from Defendant, the Settlement Administrator shall send each Class Member the Class Notice, Claim Form and Release and Opt-Out form via first-class United States mail. Such Notice shall be in the form attached hereto as

Page 11 – JOINT STIPULATION OF SETTLEMENT OF CLASS ACTION

Exhibit 2, or as otherwise approved by the Court.  Each Notice shall also include a Claim Form and Release, in the form attached hereto as Exhibit 3.  The Claim Form shall afford each Class Member the opportunity to challenge the number of Weeks Worked reflected in Defendant's payroll records, and to provide evidence supporting any such challenge.  An Opt-Out Form, in the form attached hereto as Exhibit 4, or otherwise approved by the Court, shall also be included with the Notice.

Any returned envelopes containing the Class Notice from this mailing with forwarding addresses will be used by the Settlement Administrator to locate Class Members.  In the event that, prior to the Final Date for Submission of Claim Forms, any Notice mailed to a Class Member is returned as having been undelivered by the U.S. Postal Service, the Settlement Administrator shall seek from Class Counsel an address correction for such Class Member(s), and a second Notice will be sent to any new or different address obtained.  However, nothing in this paragraph shall be deemed to extend or modify the Final Date for Submission of Claim Forms.

It will be conclusively presumed that if an envelope containing the Class Notice has not been returned within thirty (30) days of the mailing, the Class Member received the Notice.  At least fourteen (14) days prior to the Final Approval Hearing, the Settlement Administrator shall provide Defense Counsel and Class Counsel with a declaration of Due Diligence and Proof of Mailing with regard to the mailing of the Notice.  The declaration shall specify the number of Class Members to whom Class Notices were sent and the number of Class Members to whom Class Notices were returned.  The Parties' Counsel shall file this declaration with the Court.

4.    **Submission and Review of Claims**

Any Class Member who wishes to file a claim to receive payment under the Stipulation of Settlement must complete the Claim Form in full, and return the Claim Form to the Settlement Administrator postmarked by the Final Date for Submission of Claim Forms (i.e., the date that is thirty (30) days after the date that the Class Notice is sent to the Settlement Class).

Page 12 – JOINT STIPULATION OF SETTLEMENT OF CLASS ACTION

The Settlement Administrator shall determine if each Claim Form has been signed and completed in full, or is somehow materially deficient, and shall inform Class and Defense Counsel of any such deficiency on a periodic basis.  If a Claim Form is incomplete, Class Counsel shall send a deficiency/cure letter to the putative Class Member.  The putative Class Member will have fourteen (14) days from the date that the deficiency/cure letter is sent to correct the deficiency.

The Settlement Administrator will then separate the Claim Forms as:  (1) Valid (those that are complete and accurate); (2) Invalid (those that are incomplete and cannot be completed with reasonable effort or that are submitted on behalf of or by a person who is determined not to be a Class Member based upon Defendant's records); and (3) Indeterminable (those that are complete but reflect a discrepancy between the periods worked, job titles, and/or in any other respect, and Defendant's records.)  The Settlement Administrator shall inform Class Counsel and Defense Counsel of the Valid, Invalid and Indeterminable Claims.  Class Counsel and Defense Counsel shall review the Valid, Invalid and Indeterminable Claims.  If there is an issue with respect to an Indeterminable or Invalid claim, the parties shall attempt to resolve the issue in good faith.  If the parties are unable to resolve the issue, then the Court shall make a final and binding determination with regard to such issue in accordance with Section D(5) of this Agreement.  Any person who fails to submit a timely and valid Claim Form shall receive no monetary distribution from the Settlement Fund Account, and the amount that had been offered to such person will revert to the Defendant.  A Class Member who does not timely submit a valid Claim Form is nonetheless bound by the provisions of this Stipulation of Settlement, including without limitation Section H (Releases and Waivers).  Any person who timely submits both a Claim Form and an Opt-Out Request shall be deemed to have submitted only a valid Claim Form and the Opt-Out Request shall be deemed null and void.

Only Class Members who submit a timely and valid Claim Form may receive a monetary distribution from the Settlement Fund Account.

DWT 21625433v1 0759078-000182          DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2400
Portland, Oregon  97201 · (503) 241-2300

5.    **Resolution of Disputes Concerning Claim Forms**

In the event there is any dispute between a Class Member and/or Class Counsel, on the one hand, and Defendant and/or Defense Counsel on the other, with regard to (a) any material deficiency in a Claim Form; (b) the validity of any Claim Form; (c) the timeliness of any Claim Form; and/or (d) the number of Weeks Worked claimed by a Class Member, then the Court shall make a final and binding determination with regard to such dispute. Class Counsel and Defense Counsel will first endeavor in good faith to resolve the dispute.

E.    **SETTLEMENT TERMS**

1.    **The Settlement Class**

For the purposes of this Stipulation, the parties stipulate and agree to the certification of this Class and Action, as follows:

> All persons employed by Defendant with the job title "Safety Officer" or "Lead Safety Officer" at any time from the date November 23, 2005 through November 23, 2011.

The parties stipulate to this conditional class certification for purposes of this settlement only, pursuant to Fed.R.Civ.P. 23. Should for whatever reason the settlement not become final, the fact that the Parties were willing to stipulate to class certification as part of the settlement shall have no bearing on, and shall not be admissible in connection with, the issue of whether a class should be certified in a non-settlement context in this Action. Legacy expressly reserves its right to oppose class certification should this settlement not become final.

2.    **Calculation of the Individual Settlement Amounts**

Individual Settlement Amounts to be paid to Class Members shall be paid from the Net Settlement Amount.

(a)    **Calculation of Individual Settlement Payments:** The portion of the Settlement Fund payable to each Class Member will be calculated by the Settlement Administrator approximately as follows:

Page 14 – JOINT STIPULATION OF SETTLEMENT OF CLASS ACTION

| Months Worked[1] | | | Individual Payout | Total Payout |
|---|---|---|---|---|
| 66-72 | 20 | | $3,150 | $ 63,000 |
| 60-66 | 7 | | $2,900 | $ 20,300 |
| 54-60 | 3 | | $2,650 | $  7,950 |
| 48-54 | 6 | | $2,400 | $ 14,400 |
| 42-48 | 9 | | $2,150 | $ 19,350 |
| 36-42 | 3 | | $1,900 | $  5,700 |
| 30-36 | 10 | | $1,650 | $ 16,500 |
| 24-30 | 8 | | $1,400 | $ 11,200 |
| 18-24 | 15 | | $1,150 | $ 17,250 |
| 12-18 | 18 | | $900 | $ 16,200 |
| 6-12 | 12 | | $650 | $  7,800 |
| 0-6 | 34 | | $400 | $ 13,600 |
| | | | | |
| | 145 | | | **$213,250** |
| | | | | |
| | | | | **$289,350** |

Each payment to Class Members shall be reduced by the amount of Employer paid taxes owed.

(b)    **Tax Treatment of Settlement Payment:**  The settlement payments shall be allocated for tax purposes as follows:  (1) One-fourth (25%) of each payment shall be deemed wages, from which legally required state and federal payroll deductions shall be taken and an IRS W-2 form issued by Legacy; and (2) three-fourths (75%) of the payment shall be treated as penalties and interest and an IRS form 1099 shall be issued for that payment.  The Class Members shall pay the employee's share of the payroll taxes and Legacy shall pay the employer's share out of the gross settlement amount.

3.    **Enhancement Awards for the Named Plaintiffs**

The Named Plaintiffs shall request, and Defendant will not oppose, Enhancement Awards of up to $1,000.00 each, to be awarded at the discretion of the Court, for their efforts on behalf of the Class in this Action and for the following Full Release of Claims:.

In addition to the Release of Claims as defined herein, and in exchange for the Enhancement Award and other benefits provided for in this Agreement, each Named Plaintiff and his successors

---

[1] "Months worked" means the approximate months in a Covered Position calculated during the Class Period.

Page 15 – JOINT STIPULATION OF SETTLEMENT OF CLASS ACTION

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2400
Portland, Oregon  97201 · (503) 241-2300

and assigns forever release and discharge Defendant, any of Defendant's parent, subsidiary or related companies, any Defendant-sponsored employee benefit plans in which Named Plaintiff participates, or was participating in, (collectively the "Plans") and all of their respective officers, members, managers, partners, directors, trustees, agents, employees, and all of their successors and assigns (collectively "Releasees") from any and all claims, actions, causes of action, rights, or damages, including costs and attorneys' fees (other than as provided for by this Stipulation)(collectively "Claims") which Named Plaintiff may have arising out of his employment, on behalf of himself, known, unknown, or later discovered which arose prior to the date Named Plaintiff signs this Agreement.  This release includes but is not limited to, any Claims under any local, state, or federal laws prohibiting discrimination in employment, including without limitation the Civil Rights Acts, or the Washington or Oregon State Law Against Discrimination, the Americans with Disabilities Act, the Age Discrimination in Employment Act, or Claims under the Employee Retirement Income Security Act, or Claims alleging any legal restriction on Defendant's right to discipline, demote or terminate its employees, any Claims Named Plaintiff has relating to his rights to or against any of the Plans, or personal injury Claims, including without limitation wrongful discharge, retaliation, breach of contract, defamation, tortuous interference with business expectancy, constructive discharge, or infliction of emotional distress.  Named Plaintiff represents that he has not filed any Claim against Defendant or its Releasees, and that he will not do so at any time in the future concerning Claims released in this Agreement.  By signing this Agreement, Named Plaintiff affirmatively represents that he has not filed any claim against Defendant or any of its Releasees, and is affirming that he will not file any claim released in this Agreement in the future, other than any pending claims for workers' compensation benefits.  In addition, to the extent required by law, Named Plaintiff is not prohibited from filing or participating in an administrative claim with the Equal Employment Opportunity Commission ("EEOC"), but because Named Plaintiff is receiving payment under this Agreement, he waives any right to receive monetary relief as a result of any EEOC proceeding or subsequent individual or EEOC lawsuits.

Page 16 – JOINT STIPULATION OF SETTLEMENT OF CLASS ACTION

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2400
Portland, Oregon  97201 · (503) 241-2300

Any Enhancement Award approved by the Court shall be paid to the Named Plaintiffs from the Gross Settlement Amount, and shall be in addition to any distribution to which they may otherwise be entitled as a Class Member, upon timely submission of a valid Claim Form.  The Enhancement Award shall not be considered wages, and Defendant shall issue the Named Plaintiffs a Form 1099 reflecting such payments.

   4. **Time for Payment of Individual Settlement Amounts and Enhancement Award to Named Plaintiffs**

Not later than thirty (30) calendar days after the Effective Date, the Settlement Administrator shall make every effort to mail, by first-class US Mail to the last-known address, the Individual Settlement Amount to each Class Member who submits a valid and timely Claim Form.  Concurrently, the Settlement Administrator shall transmit to Class Counsel by U.S. Mail 1) Class Counsel's Attorneys' Fees and Expense Award and (2) the Enhancement Awards for the Named Plaintiffs.

If the Settlement Administrator is not able to mail all required payments within the time period set forth above, it shall so inform Class Counsel and Defense Counsel, and provide an approximate date by which the Individual Settlement Amounts will be mailed.  Under no circumstances shall the Settlement Administrator distribute checks to Class Members until all timely claims have been considered, calculated, and accounted for, and the obligations set forth in Section E (Settlement Terms) have been satisfied.

Within ten (10) business days of mailing the Individual Settlement Amounts to Class Members, the Settlement Administrator shall file with the Court and provide to Class Counsel a declaration of payment.

   5. **Class Counsel Attorneys' Fees and Litigation Costs**

Class Counsel may submit an application for an award of attorneys' fees in the total amount of up to $71,462.25, or 23% of the Settlement Amount, to be heard by the Court at the Final Approval Hearing.  Class Counsel may also submit an application for an award of litigation

Page 17 – JOINT STIPULATION OF SETTLEMENT OF CLASS ACTION

costs of up to $4,637.75.  Defendant and its attorneys agree not to object to any such fee and cost application up to those amounts.  Class Counsel asserts a statutory fee claim pursuant to Oregon and federal law.  As a condition of this Settlement, Class Counsel has agreed to pursue their fees only in the manner reflected by this paragraph.  Any fees and costs awarded by the Court shall be paid from the Gross Settlement Amount, and shall not constitute payment to any Class Member(s).

The attorneys' fees and costs approved by the Court shall encompass:  (a) all work performed and costs incurred by any attorney purporting to represent the Class through the date of this Stipulation; (b) all work to be performed and costs to be incurred in connection with approval by the Court of the Class Settlement; and (c) all work and costs, if any, incurred in connection with administering the Settlement through dismissal of the Action with prejudice.

Class Counsel attorneys' fees and costs, as awarded by the Court, shall be paid by the Settlement Administrator according to the timeline set forth in paragraph E(5) above.

Defendant shall bear its own fees and costs of every kind in connection with the Action and the negotiation of the settlement of the Action.

### 6.    Adoption of Safety Officer Scheduling Policy

Legacy will implement the Safety Officer Scheduling Policy attached hereto as Exhibit 5. Legacy intends to use on the Safety Office Scheduling Policy as its general and usual scheduling practice unless (a) any court or government agency concludes that the policy violates any state or federal law; or (b) in the good faith business judgment of Legacy's senior leadership, Legacy determines that the policy must be amended to ensure the safety of patients, staff and/or the public.

### 7.    Extension of Time to Pay and/or Process Claims

Should the Settlement Administrator need more time than is provided under this Stipulation to complete any of its obligations, the Settlement Administrator may request, in writing, such additional time (including an explanation of the need for additional time) from Defense Counsel and Class Counsel.  If Defense Counsel and/or Class Counsel do not agree, in writing, to the Settlement Administrator's request for additional time, the Settlement Administrator

Page 18 – JOINT STIPULATION OF SETTLEMENT OF CLASS ACTION

may seek such additional time from the Court.

### 8.    Dismissal with Prejudice of the Action

The Action shall be dismissed with prejudice within forty-five (45) days after the Effective Date as part of the consideration for this Settlement, provided that Defendant has made the payments described in Section E (Settlement Terms).  Notwithstanding the dismissal of the Action with prejudice, the Court shall retain jurisdiction to interpret and enforce this Stipulation of Settlement.

### 9.    No Effect on Employee Benefit Plans

Neither the Class Settlement nor any amounts paid under the Class Settlement will modify any previously credited hours or days of service under any employee benefit plan, policy or bonus program sponsored by Defendant.  Such amounts will not form the basis for additional contributions to, benefits under, or any other monetary entitlement under Defendant's sponsored benefit plans, policies or bonus programs.  The payments made under the terms of this Stipulation shall not be applied retroactively, currently, or on a going forward basis, as salary, earnings, wages, or any other form of compensation for the purposes of any of Defendant's benefit plan, policy or bonus program.  Defendant retains the right to modify the language of its benefits plans, policies and bonus programs to effect this intent, and to make clear that any amounts paid pursuant to this Stipulation are not for "Weeks Worked," "weeks paid," "weeks of service," or any similar measuring term as defined by applicable plans, policies and bonus programs for purpose of eligibility, vesting, benefit accrual, or any other purpose, and that additional contributions or benefits are not required by this Stipulation.

## F.    NULLIFICATION OF THE SETTLEMENT AGREEMENT

### 1.    Non-approval of the Stipulation of Settlement

If (a) the Court should for any reason, other than the allocation of the Gross Settlement Amount between Class Members and Class Counsel, fail to approve this Stipulation of Settlement in the form agreed to by the Parties, or (b) the Court should for any reason fail to enter a judgment

Page 19 – JOINT STIPULATION OF SETTLEMENT OF CLASS ACTION

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2400
Portland, Oregon  97201 · (503) 241-2300

and dismissal with prejudice of the Action, or (c) the judgment and dismissal is reversed, modified or declared or rendered void, then this Settlement shall be considered null and void, and neither this Settlement, nor any of the related negotiations or proceedings, shall be of any force or effect, and all parties to this Settlement shall stand in the same position, without prejudice, as if the Settlement had been neither entered into nor filed with the Court.  If the Court rejects the Settlement as proposed because the allocation of the Gross Settlement Amount, Class Counsel will reallocate the Gross Settlement Amount to satisfy the Court.

2.    **Invalidation**

Invalidation of any material portion of this Settlement shall invalidate this Settlement in its entirety, unless the Parties shall subsequently agree in writing that the remaining provisions of the Settlement are to remain in full force and effect.

3.    **Stay Upon Appeal**

In the event of a timely appeal from the judgment and dismissal, the judgment shall be stayed, and none of the Settlement Fund shall be distributed to Class Members or Class Counsel, and the actions required by this Stipulation shall not take place until all appeal rights have been exhausted by operation of law.

4.    **Defendant's Right to Withdraw Based on Opt-Outs**

If more than ten percent (10%) combined of all Class Members have filed proper and timely Opt-Out Forms in accordance with the provisions of the Class Notice, Defendant shall have the sole and absolute discretion to terminate the Settlement.

In the event Defendant elects to so terminate this Stipulation of Settlement, Defendant shall, at its own expense, provide such Notice of Termination in writing by first-class United States mail to Class Counsel and each Class Member no later than fifteen (15) calendar days after the Settlement Administrator notifies the parties of the valid Opt-Outs.

In the event of termination by Defendant pursuant to this subparagraph, Defendant shall be responsible for all costs of administration incurred up to the date of termination.  In the event

Page 20 – JOINT STIPULATION OF SETTLEMENT OF CLASS ACTION

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2400
Portland, Oregon  97201 · (503) 241-2300

Defendant elects to terminate, such withdrawal shall have the same effect as would non-approval pursuant to Section F.

## G.    FINAL APPROVAL HEARING AND ENTRY OF JUDGMENT

The Final Approval Hearing shall be held before the Court on _____, 2013, at _____ .m. or as soon thereafter as the matter can practically be heard.

At the Final Approval Hearing, Class Members and Defendant shall jointly move the Court for entry of the Final Order, certifying the Class for settlement purposes only, approving the Settlement as being fair, reasonable and adequate to the Class Members within the meaning of Rule 26 of the Federal Rules of Civil Procedure, and for the entry of a Final Judgment of Dismissal with Prejudice of the Action consistent with the terms of the Settlement.  Class Counsel and Defense Counsel shall submit to the Court such pleading and/or evidence as may be required for the Court's determination.

At the Final Approval Hearing, the Court will, among other things, be asked for the entry of an Order permanently enjoining all Class Members from pursuing and/or seeking to reopen claims for unpaid compensation and related penalties, as are included within the Released Claims.

## H.    RELEASES AND WAIVERS

1.    **Release of Claims by Settlement Class.**

(a)    <u>Scope of Release</u>.  Upon approval of the Stipulation of Settlement at the Final Approval Hearing, the Class, including each member thereof and the Class Representatives, each releases the Released Parties, and each of them, of and from any and all of the Released Claims.

(b)    <u>Dismissal of All Claims with Prejudice</u>.  It is hereby stipulated that this Stipulation of Settlement is intended to include within its effect any and all claims, damages, causes of action, and claims for attorneys' fees, asserted in the Action, subject to the terms and conditions of this Stipulation. It is also hereby stipulated that upon Final Approval of this Stipulation, all the claims, damages, and causes of action, and claims for attorneys' fees, that were

Page 21 – JOINT STIPULATION OF SETTLEMENT OF CLASS ACTION

asserted in the Action and all claims reasonably related to those asserted in the Action, including the Released Claims, are to be deemed fully and finally resolved, and are to be dismissed with prejudice as to each and every member of the Class, except those who are Opt-Outs.

## I.    DUTIES OF THE PARTIES

### 1.    Mutual Full Cooperation

The Parties agree to cooperate fully with one another to accomplish and implement the terms of this Stipulation of Settlement.  Such cooperation shall include, but not be limited to, execution of such other documents and the taking of such other actions as may be reasonably necessary to fulfill the terms of this Settlement.  The Parties shall use their best efforts, including all efforts contemplated by this Stipulation of Settlement and any other efforts that may become necessary by Court Order, or otherwise, to effectuate this Stipulation and the terms set forth herein.  As soon as practicable after execution of this Stipulation, Class Counsel with the cooperation of Defendant and its Counsel shall take all necessary and reasonable steps to secure the Court's Final Approval of this Stipulation.

### 2.    Duty to Support and Defend the Settlement

The Parties hereto agree to abide by all of the terms of the Settlement in good faith and to support the Settlement fully, and to use their best efforts to defend this Class Settlement from any legal challenge, whether by appeal or collateral attack.

### 3.    Duties Prior to Court Approval

The parties shall promptly submit this Stipulation to the Court for preliminary approval and determination by the Court as to its fairness, adequacy, and reasonableness.  Promptly upon execution of this Stipulation, the parties shall apply to the Court for the entry of a preliminary order substantially in the form filed concurrently herewith as Exhibit 1, scheduling a hearing on the question of whether the proposed Class Settlement should be approved as fair, reasonable, and adequate as to the Class Members, approving as to form and content the proposed Class Notice attached hereto as Exhibit 2, and directing the mailing of the Class Notice to Class Members.

Page 22 – JOINT STIPULATION OF SETTLEMENT OF CLASS ACTION

**J.    MISCELLANEOUS PROVISIONS**

**1.    Voiding the Stipulation**

Pending Court approval and other than as provided in Section E (Settlement Terms) herein, if any of the conditions set forth in this Stipulation are not met and satisfied, this Stipulation shall, at the option of either the Class Representatives or Defendant, be ineffective, void, and of no further force and effect, and shall not be used or be admissible in any subsequent proceeding, either in this Court or in any other court or forum.

**2.    Different Facts**

The Parties, and each of them, acknowledge that, except for matters expressly represented herein, the facts in relation to the dispute and all claims released by the terms of the Stipulation may turn out to be other than or different from the facts now known by each party and/or its counsel, or believed by such party or counsel to be true.  Each party therefore expressly assumes the risk of the existence of different or presently unknown facts, and agrees that this Stipulation shall be in all respects effective and binding despite such difference.

**3.    No Prior Assignments**

The Parties represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or right herein released and discharged except as set forth herein.

**4.    Non-Admission**

Nothing in this Stipulation shall be construed to be or deemed an admission by Defendant of any liability, culpability, negligence, or wrongdoing toward the Class Representative, the Class Members, or any other person, and Defendant specifically disclaims any liability, culpability, negligence, or wrongdoing toward the Class Representative, the Class Members, or any other person.  Each of the Parties has entered into this Stipulation with the intention to avoid further disputes and litigation with the attendant inconvenience, expenses, and contingencies.

DWT 21625433v1 0759078-000182                DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2400
Portland, Oregon  97201 · (503) 241-2300

5.      **Confidentiality**

Named Plaintiffs and Defendant, and their respective counsel, recognize and accept that the Parties to this Stipulation desire that the terms of this Stipulation, the fact of the settlement embodied in this Stipulation, the disposition of the Action, the Action, and all matters relating to the litigation of the Action, including discovery proceedings therein, and evidence obtained during the course of the Action, shall not be discussed with or presented to the media.  The Parties agree that the non-breaching party will be entitled to injunctive relief in the event it learns of a threatened breach of this provision.  The parties agree that "Class Counsel" may include a copy of this Agreement, the Class Notice (Exhibit 2) and the Claim Form (Exhibit 3) on their website.

6.      **Non-Retaliation**

Legacy agrees that it will not retaliate against any Class Member for participating in the claims process.

7.      **Construction**

The Parties hereto agree that the terms and conditions of this Stipulation are the result of lengthy, intensive, arms-length negotiations between the Parties, and that this Stipulation is not to be construed in favor of or against any party by reason of the extent to which any party or its counsel participated in the drafting of this Stipulation.

8.      **Choice of Law**

This Stipulation is intended to and shall be governed by the laws of the State of Oregon, without regard to conflicts of law principles.

9.      **Captions and Interpretations**

Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference only, and in no way define, limit, extend, or describe the scope of this Stipulation or any provision thereof.

10.     **Modification**

This Stipulation may not be changed, altered, or modified, except in writing signed by the

Page 24 – JOINT STIPULATION OF SETTLEMENT OF CLASS ACTION

Parties hereto and approved by the Court.  This Stipulation may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

### 11.     Integration Clause

This Stipulation of Settlement contains the entire agreement between the Parties relating to the settlement of the Action and the transactions contemplated thereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written, and whether by a party or such party's legal counsel, are merged herein.  No rights under this Stipulation may be waived except in writing.

### 12.     Successors and Assigns

This Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors, and assigns.

### 13.     Class Counsel Signatories

Because the Members of the Class are so numerous, the Parties agree that it is impossible or impractical to have each Class Member sign this Stipulation.  It is agreed that, for purposes of seeking approval of the Class Settlement, this Stipulation may be executed on behalf of the Class by Class Counsel and the Class Representative.

### 14.     Corporate Signatories

Any person executing this Stipulation or any such related document on behalf of a corporate signatory hereby warrants and promises, for the benefit of all Parties hereto, that such person has been duly authorized by such corporation to execute this Stipulation or any such related document.

### 15.     Execution in Counterparts

This Stipulation shall become effective upon its execution by all of the undersigned.  The Settling Parties may execute this Stipulation in counterparts, and execution of counterparts shall have the same force and effect as if all Settling Parties had signed the same instrument.

The Parties hereby stipulate to the entry of an Order in the form attached hereto as

Page 25 – JOINT STIPULATION OF SETTLEMENT OF CLASS ACTION

Exhibit 1.

DATED: _____          LEGACY HEALTH

                                  By:   s/Eve Logsdon
                                  Its:  _____

DATED: _____          CLASS REPRESENTATIVES

                                  By:   s/ Jesse Alvarez
                                        Jesse Alvarez

                                        s/ Steven Azorr
                                        Steven Azorr

                                        s/Patrick Dawson
                                        Patrick Dawson

                                        s/Thomas Lovejoy
                                        Thomas Lovejoy

                                        s/Marc Million
                                        Marc Million

                                        s/Bruce Schultz
                                        Bruce Schultz

                                        s/White
                                        White

## APPROVED AS TO FORM AND CONTENT

                                  Davis Wright Tremaine LLP

DATED: April 8, 2013
                                  s/Carol J. Bernick
                                  Carol J. Bernick, OSB#894098
                                  Attorneys for Defendant

                                  Buss & Hunt

DATED: April 8, 2013              s/Kyle Busse
                                  Kyle Busse, OSB#070994
                                  Attorneys for Plaintiffs & Proposed Class Counsel

Page 26 – JOINT STIPULATION OF SETTLEMENT OF CLASS ACTION